Neel vs. Harding.

---

CASE 51—PETITION ORDINARY—SEPTEMBER 23.

# Neel vs. Harding.

APPEAL FROM SHELBY CIRCUIT COURT.

1. Where parties make an instrument which is assignable, and upon the contract itself hold themselves out as principals, they are to be regarded and treated, both by the assignor and assignee, as occupying the attitude of principals, unless the holder has knowledge that some of them are the sureties of the others.

2. A contract for indulgence made by the assignee of a joint and several note with the principal debtor, without the assent of the surety, does not release the latter unless the assignee had knowledge at the time of so doing that he was surety. To make the defense available, such notice must be alleged and proved.

T. B. & J. B. COCHRAN, for appellant, cited 4 *N. Hamp. Rep.*, 221; 14 *B. Mon.*, 14; 2 *Smith's Leading Cases*, 5th *Amer. ed.*, 642; 19 *Wend.*, 557; 21 *Ib.*, 72; 2 *Amer. Leading Cases*, 411; 6 *N. Hamp.*, 30; 11 *Wend.*, 312; 11 *Met.*, (*Mass.*,) 283; 10 *Peters*, 257; 9 *Serg. & Rawle*, 229; 12 *Ib.*, 332; 6 *Cow.*, 484; 10 *Vermont*, 182; 26 *Ib.*, 19; 5 *W. & L.*, 99; 6 *Dow*, 243; 9 *Pick.*, 551;

7 *Har. & John.*, 92; *Civil Code, sections* 400, 123; 13 *B. Mon.*, 466; *Goddard vs. Maddock, MS. opin., Dec.*, 1854.

J. M. & W. C. BULLOCK, for appellee, cited 3 *Dana*, 566; 7 *Ib.*, 305; 8 *B. Mon.*, 382; 1 *Ib.*, 326; *Civil Code, sections* 400, 568; 14 *B. Mon.*, 321; 18 *Ib.*, 128; 7 *J. J. Mar.*, 397.

CHIEF JUSTICE SIMPSON DELIVERED THE OPINION OF THE COURT:

This action was brought against the obligors in a promissory note, which reads as follows, viz:

" $1,075 00.

" One day after date, we, or either of us, promise to pay James Hughes the sum of one thousand and seventy-five dollars, for value received, this 1st day of January, 1856.

" N. O. WILSON,

" H. HARDING."

The note was assigned by Hughes, the payee thereof, to Neel, the plaintiff in the action.

A judgment by default was rendered against Wilson, one of the defendants. Harding, the other defendant, filed an answer, in which he alleged that he signed the note sued on as *surety* for his co-defendant, Wilson, and that he had never been liable for the debt otherwise than as a surety. He furthermore alleged, that after the note fell due, an agreement was entered into by the plaintiff and his co-defendant, Wilson, whereby further time was allowed the latter to pay the debt, which agreement was founded on a valuable consideration actually paid, and was made without his knowledge or consent.

He proved on the trial, by his co-defendant, that such an agreement had been made, as he alleged in his answer; that it had been made without his knowledge or consent, and that he was the surety of the witness in the note sued on.

The court on the trial gave the following instruction to the jury, which was excepted to by the plaintiff, viz:

" If the jury believe from the evidence that the plaintiff and Wilson, in January, 1858, made an agreement that Wilson should pay interest exceeding six per cent. on the note in controversy, up to February 28th, 1858, and that Wilson did pay such usurious interest, and that, in consideration thereof, the plaintiff agreed to give him time till March, 1858, to pay said

Neel vs. Harding.

note, and that this agreement was made without the knowledge and consent of defendant, the law is for the defendant."

A verdict and judgment having been rendered against the plaintiff in the action, he has appealed to this court, and contends that the foregoing instruction does not correctly expound the law of the case.

The instruction complained of is liable to the objection that it assumes the fact, which ought to have been submitted to the jury, that the defendant, Harding, was the surety of his co-defendant, Wilson, in the note sued on. But as this fact was clearly proved, and not controverted, this error in the instruction cannot be regarded as very material.

But if it were incumbent on the defendant, in order that his defense might be rendered available, to prove that the plaintiff was, at the time he made the alleged agreement with his co-defendant, Wilson, apprised of the attitude of the obligors in the note, that is, that one was principal and the other his surety, then, as this matter was entirely pretermitted in the instruction, and there was no direct proof with respect to it, the instruction must be regarded as incorrect and erroneous.

In our opinion the proof of this fact was essential to the defense relied upon. The note executed by the defendants imposed on them a joint and several liability. In judgment of law they were both principals, and the holder of the note had a right to regard and treat them as such, unless he was apprised that they did not occupy that attitude, but that one was principal and the other his surety. Such was assumed to be the law in the case of *Patton vs. Shanklin*, (14 *B. Mon.*, 17,) where the writing sued on was of a similar character, and upon reconsidering the question, we still entertain the same opinion.

The makers of the note having issued and put into circulation an instrument in which they are both *apparently* responsible as principals, cannot be permitted to require that the holder thereof should respect rights arising out of a relation of the parties to each other of which he is ignorant. To impose such an obligation on the holder, the character which they occupy should appear on the face of the instrument, or he must be notified of it in some other way.

VOL. 2—32.

When two or more persons execute a note for a joint liability, they are in some respects sureties for each other. But the principle upon which a surety, in the proper sense of the term, is exonerated from liability by a contract with the principal, giving day of payment without the assent of the surety, has never been applied in such a case. The holder of the note does not, therefore, where the debt is a joint one, for which the makers of the note are all equally liable, discharge any of them by a contract for indulgence, entered into with one of them without the assent of the others. (*Oxford Bank vs. Haynes*, 8 *Pick.*, 423 ; *Story on Bills, sec.* 430.)

In the case of *Wilson vs. Foot*, (11 *Metcalf's Mass. Rep.*, 287,) where the defendants had executed a note like the one sued on in this action, the court decided that when a note is signed by several persons, though part of them are sureties for the other, yet if that does not appear on the face of the note, the promisee does not discharge the sureties by giving time to the principal debtor, unless he has *knowledge* at the time of so doing that they were sureties. The court said in its opinion that " the parties are to be treated agreeably to the circumstances in which they have represented themselves to stand, viz : as joint principals. The holder of the note had a right to treat them as such, as they had disclosed upon the contract no other relation."

In the case of *Grafton Bank vs. Kent*, (4 *New Hampshire Rep.*, 221,) it is said, " that where the maker of a note, who has signed as a surety, does not appear on the face of the paper as a *surety*, he is to be considered and treated as a principal with respect to all those who have no *notice* of his real character."

· And in the case of *Nichols vs. Parsons*, (6. *New Hamp. Rep.*, 32,) the court decided that the holder of such a note has a right to consider and to treat all the makers as principals, unless he has *notice* that they are sureties; and that where the note has been assigned, the assignee is not affected by the knowledge of his assignor of the relation in which the makers of the note stood to each other—the court remarking, " that if sureties wish to have the character in which they put their names to notes known, they must sign as sureties. If they neglect to do this,

no person is bound under such circumstances to inquire, nor can be presumed to know, in what character they sign notes."

It is a just and reasonable doctrine, that where the parties make an instrument which is assignable, and upon the contract itself hold themselves out as principals, they are to be regarded and treated, both by the assignor and assignee, as occupying the attitude in which they have represented themselves to stand, unless the holder has knowledge that some of them are the sureties of the others.    Good faith requires that the holder of the paper should have a right so to regard and treat them. It would be manifestly unjust to subject him to the legal consequence of discharging the sureties to the note by an agreement with the principal, when he was ignorant of the relation in which the parties stood to each other, and had a right to consider them all as principals.    If they were all principals, an agreement with one of them to give further day of payment would not operate to release or exonerate the others. Such an agreement cannot be allowed to have any more effect than it would have if the promissors were all *actually*, as they all *appear* to be, principals in the note, unless the holder, at the time he entered into the agreement, had *notice* that the parties who claim to be sureties did occupy that attitude on the paper. Having such knowledge, he would be bound to respect their rights as sureties, and good faith on his part would require that he should enter into no agreement with the principal that was calculated to increase their risk, or that could in any manner operate to their prejudice.

Consequently, to render the defense valid which the defendant, Harding, relies upon, he must *allege* and *prove* that the plaintiff had *notice* that he was the surety of Wilson in the note sued upon, at the time he made the agreement with him to allow him further time to pay the debt.

As the judgment will have to be reversed for the error in the instruction of the court, we deem it unnecessary to decide whether the court erred in refusing to permit the plaintiff to dismiss his action, or whether the motion was made after the time allowed for that purpose by section 400 of the Civil Code, and was therefore properly overruled by the court.

Wherefore, the judgment is reversed, and cause remanded for a new trial and further proceedings not inconsistent with this opinion.