### WILLIAM KILPATRICK, ET AL., *v.* CHARLES R. McGILL.

**Principal and Surety.**

When the relation of principal and surety exists, the creditor, by entering into a contract with the principal debtor, without the consent of the surety, to extend the time of payment, injures the surety by depriving him of his right to have the debt made out of the principal's property before his insolvency or of paying the debt himself and taking steps to protect himself; but where the surety has in his own hands ample surety to protect him he is not injured by such extension of time of payment, and will not be discharged by reason of it.

### APPEAL FROM LARUE CIRCUIT COURT.

#### January 31, 1880.

OPINION BY JUDGE COFER:

The rule which exonerates a surety in consequence of some act or omission on the part of the creditor is based on the peculiar nature of the contract and the relation between the parties.

Judge Strong says the contract of suretyship imports entire good faith and confidence between the parties, and treats the relation between the creditor and the surety as analogous to the relation between trustee and cestui que trust, guardian and ward, and partner and partner. Secs. 322, 323 and 324, Equity Jurisdiction. It is because of this relation that any act or omission on the part of the creditor that is prejudicial to the surety is held to discharge the surety from liability, and hence it has been held that an agreement for forbearance does not release the surety unless the creditor was aware of the fact that he was only surety. *Neel v. Harding,* 2 Met. 247.

In this case there was no relation of trust or confidence between the parties.  The appellee was under no legal or equitable obligation to protect the appellants against loss, and hence did not violate their rights in any way by agreeing to extend the time of payment.  The deed containing the lien to secure the note was of record, and the

appellants must be presumed to have had notice of its existence, and they should have taken steps to protect themselves.

Again, the creditor who makes with the principal a .valid agreement to forbear not only increases the risk of the surety by postponing the time of payment and prolonging the period of his liability, but he deprives the surety of the right to pay the debt and seek immunity at once or to proceed against the principal to compel him to pay the debt.

But no such injury was done to the appellants in this case. At the time the agreement was made to extend the time they owed Vanhart a sum larger than was due on the note held by the appellee, and they had their indemnity in their own hands; and if they had been sued by Vanhart they had a complete defense to his action to the amount of the note held by the appellee, which would not have been the case if they had been personally bound as sureties on the note, for in that case their simple liability as sureties would not have constituted a defense.

For these reasons we are of the opinion that the court did not err in sustaining the demurrer to the original answer or in refusing to allow the proposed amendment to be filed.

Judgment *affirmed*.

*Reid & Twyman, T. A. Robertson, for appellants.*

*A. B. Montgomery, for appellee.*